Michael E. Neminski
**BAKER & HOSTETLER LLP**
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
mneminski@bakerlaw.com

Counsel for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SPECIALTYCARE INC. a Delaware corporation, REMOTE NEUROMONITORING PHYSICIANS, PC, a Pennsylvania corporation, and SENTIENT PHYSICIANS, PC, an Illinois corporation,<br><br>Plaintiffs,<br><br>v.<br><br>AETNA, INC.,<br><br>Defendant. | Civil Action<br><br>No. 1:25-cv-00224-YK<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

## FIRST AMENDED COMPLAINT

Plaintiffs, SPECIALTYCARE, INC., REMOTE NEUROMONITORING PHYSICIANS, PC, AND SENTIENT PHYSICIANS, PC (collectively,

"**SpecialtyCare**") bring this action against Defendant, AETNA, INC. ("**Aetna**"), and allege as follows:

## INTRODUCTION

1. Defendant, Aetna, is violating the Federal No Surprises Act ("**NSA**") and engaging in bad faith claims settlement practices. Aetna has devised a scheme to turn the purpose of the NSA on its head. Rather than Independent Dispute Resolution ("**IDR**") proceedings being a quick, efficient way to resolve payment disputes between out-of-network providers of emergency services and health plans, Aetna has used the NSA to deny, delay, and underpay out-of-network providers. After providers receive low initial payments from Aetna (or no payment at all), providers must navigate the NSA to receive a determination for fair compensation for their services. Once a provider receives an IDR award determination, Aetna delays payment far beyond the statutorily mandated 30-day deadline.

2. To date, Aetna has not paid $1,437,377 in IDR awards to SpecialtyCare. Aetna is ignoring federal law and violating Pennsylvania state law and must be held accountable.

## PARTIES, JURISDICTION, AND VENUE

3. SpecialtyCare, Inc. is a corporation organized under the laws of the State of Delaware and has its principal place of business in Brentwood, Tennessee.

SpecialtyCare, through its affiliates and subsidiaries, is a leading national health care provider of intraoperative neuromonitoring throughout the United States, including Pennsylvania. SpecialtyCare has two affiliated entities: Plaintiffs, Remote Neuromonitoring Physicians, PC and Sentient Physicians, PC. Remote Neuromonitoring Physicians, PC is organized under the laws of the state of Pennsylvania and Sentient Physicians, PC, is organized under the laws of the state of Illinois. Both are professional corporations with principal places of business located in Brentwood, Tennessee.

4. Aetna is a for-profit corporation organized under the laws of the state of Pennsylvania with its principal place of business in Hartford, Connecticut. Aetna insures and administers health insurance products and benefits plans throughout Pennsylvania.

5. This Court has jurisdiction over Aetna because, among other reasons, Aetna operates, conducts, engages in and carries on a business in Pennsylvania and in this District, it maintains officers and facilities in Pennsylvania and in this District, and committed the acts complained of herein in Pennsylvania and in this District. Further, Aetna is engaged in substantial and not isolated activity in Pennsylvania, bother interstate and intrastate.

6. Venue is proper in the Middle District of Pennsylvania and under 28 U.S.C. § 1391(b)(1) and (c)(2) because Aetna is a resident of this District, and the Court has personal jurisdiction over it.

7. This Court has federal question jurisdiction pursuant to 9 U.S.C. § 9. Under 9 U.S.C. § 9, any party to an arbitration may commence a summary action in court for confirmation of the award, and thereupon the Court must grant such application, unless the award is vacated, modified, or corrected as prescribed in Sections 10 and 11 of this title. *See* 9 U.S.C. § 9. This action also involves the interpretation of the Federal No Suprises Act.

## FACTUAL ALLEGATIONS

8. This dispute arises from Aetna's failure to reimburse SpecialtyCare for its health care services provided to Aetna's members.

9. At all material times, Aetna was obligated to cover and reimburse SpecialtyCare for certain out-of-network ("**OON**") items and services rendered to Aetna's members and insureds under the NSA.

10. The NSA became effective January 1, 2022, and requires health plans and insurers, like Aetna, to provide coverage and reimburse providers directly for OON emergency health care services and non-emergency services furnished by OON providers at participating hospitals and facilities.

11. Under the NSA, health plans and issuers have 30 calendar days from the date the bill is transmitted by the provider to pay or deny the claim. 42 U.S.C. §§300gg-111(b)(1)(C-D). Plans and issuers are allowed to initially pay the OON provider whatever amount they choose (or nothing at all). If the payment is too low, the provider may initiate an "open negotiation period" to negotiate a higher amount. *Id.* § (c)(1)(A). If negotiations fail, the provider may initiate an IDR process where a third-party arbitrator, known as an IDR entity, determines the pricing on the claim(s). *Id.* § (c)(1)(B).

12. The IDR process requires both parties to submit position statements and proposed offers of payment for the items and services at issue to the IDR entity. *Id.* §(c)(5)(B)(i). The IDR entity then evaluates both proposed offers based on a number of statutory factors, then selects one offer as the appropriate payment for the items and services at issue. *Id.* § (c)(5)(C).

13. After the IDR entity's determination, the health plan or insurer is required to pay any amount owed **within thirty (30) calendar days.** *Id.* § (c)(6).

14. Since the implementation of the NSA, SpecialtyCare and Aetna have engaged in hundreds of IDR processes to resolve OON payment disputes. Likewise, numerous IDR entities have issued determinations clearly requiring Aetna to pay SpecialtyCare additional amounts pursuant to the NSA.

15. The IDR awards at issue were rendered in accordance with the NSA, and are, therefore, binding upon SpecialtyCare and Aetna. *Id.* § (c)(5).

16. However, Aetna has consistently failed to remit payment pursuant to the IDR entity's determinations, resulting in $1,437,377 in unpaid and past due claims owed to SpecialtyCare from Aetna ("**Debt**"). A chart identifying each of the unpaid IDR awards at issue in this action, including the dispute numbers for IDR award against Aetna and the amount Aetna owes under each award, is attached hereto as **Exhibit "A."**[1]

17. Additionally, Aetna has consistently failed to make timely payment within the NSA's required 30-calendar-day payment window, beginning when the IDR entity issued an award in favor of SpecialtyCare. Indeed, many payments are more than 120 days past due.

18. SpecialtyCare has made numerous demands to Aetna for its payment on the Debt.

19. Throughout 2023 and 2024, SpecialtyCare escalated the issue of Aetna's routine failure to pay amounts owed for the IDR entity determinations to

---

[1] After the filing of the original complaint, Plaintiffs and Defendant engaged in negotiations to resolve the outstanding IDR awards. While some claims were resolved, other remain outstanding. Exhibit A reflects outstanding IDR awards that arose before the original complaint was filed. Exhibit A also reflects IDR awards that arose (and that are still outstanding) after the original complaint was filed.

Aetna. Although not required by the NSA, SpecialtyCare provided an inventory of IDR entity determinations to Aetna to aid in the resolution of the Debt. Such inventory listed the following identifying information:

- IDR dispute number
- CPT
- Service Date
- PCN
- Payor Claim Number
- Award Total
- Decision Date
- Expected Payment Date
- Total Payments (to date)
- Still Owed
- Patient Amount Paid

20. SpecialtyCare diligently followed-up with Aetna through multiple emails, Aetna's online provider portal, and Aetna's customer service hotlines, among other avenues. However, Aetna frequently ignored SpecialtyCare's reminders for weeks at a time and has continued to not pay the Debt.

21. SpecialtyCare engaged and continues to engage in a series of transactions in an open account with Aetna.

22. SpecialtyCare provided and continues to provide OON items and services to Aetna's members and insureds and, when necessary to protect its rights, sought reimbursement pursuant to the NSA. Accordingly, SpecialtyCare also

expects to enter further transactions with Aetna that may yield future IDR entity determinations and increase the Debt.

23. For each IDR determination at issue, Aetna made an initial payment on the claim that was unreasonable and well below the amount ultimately awarded in the IDR.

24. Aetna makes low initial payments hoping that SpecialtyCare will be too busy to file IDR proceedings or will miss one of the NSA's strict deadlines. This forces SpecialtyCare to go through the IDR process, which is burdensome, on every claim.

25. When SpecialtyCare challenges Aetna's low payments and receives IDR awards for higher amounts, Aetna then unreasonably delays payment past the statutory payment deadline of thirty days.

26. Aetna knows that it is statutorily required to pay IDR awards within thirty days. However, it does not invest in the compliance systems and personnel needed to meet their obligations under federal law because they know that they, their shareholders, and the health plans they serve profit from lack of compliance and violation of the mandatory payment obligations. Aetna knows that the longer it delays or denies payment, the more they earn from the interest and/or investment income generated for their fully insured business. By delaying payment or not

paying IDR awards, Aetna is able to keep the health plans' claims costs arbitrarily low, thus incentivizing plans to stay with them or using the results to market their services to other health plans.

27. Despite SpecialtyCare's numerous demands, Aetna has failed to satisfy the Debt. As a result, Aetna has forced SpecialtyCare to file this action to obtain the payments owed for services provided by SpecialtyCare. *See* Exhibit A.

**COUNT I – ACTION FOR CONFIRMATION OF IDR AWARDS (42 PA.C.S.A. § 7341–42)**

28. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

29. The NSA states that a determination of a certified IDR entity "shall be binding upon the parties involved" and that payment "***shall be made*** directly to the nonparticipating provider ***not later than 30 days after*** the date on which such determination is made." *See* 42 U.S.C. §§ 300gg-111(c)(5)(E), 111(c)(6) (emphasis added). More than thirty days have passed for all IDR determinations at issue herein. Aetna did not challenge the awards. Aetna simply did not pay them.

30. Pursuant to 42 PA.C.S.A. § 7341, the award of an arbitrator in a nonjudicial arbitration is binding and may not be "vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption

or other irregularity caused the rendition of an unjust, inequitable or unconscionable award."

31. SpecialtyCare and Aetna both agreed to be bound by the IDR decisions. SpecialtyCare and Aetna then submitted position statements and proposed offers of payment for the items and services at issue to the IDR entities, and the IDR entities made decisions based on the amounts submitted by SpecialtyCare and Aetna.

32. SpecialtyCare is therefore entitled to an order, pursuant to 42 PA.C.S.A. § 7342, confirming the IDR awards.[2]

33. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

34. The amounts owed on unpaid IDR awards total $1,437,377, plus pre-judgment and post-judgment interest.

**COUNT II - ACTION FOR CONFIRMATION OF IDR AWARDS (9 U.S.C § 9)**

35. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

[2] The IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Aetna has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Aetna to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

36. The NSA requires Aetna to pay IDR awards within thirty (30) days of the issuance of the award by the IDR arbitrator.

37. Pursuant to Section 9 of the Federal Arbitration Action ("FAA"), a party to an arbitration may commence a summary action in court for confirmation of the award, and a "court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of the [FAA]." 9 U.S.C § 9.

38. In keeping with the strong federal policy favoring arbitration, confirmation proceedings under the FAA are generally summary in nature. See *Teamsters Loc. 177 v. United Parcel Serv.*, 966 F.3d 245, 254 (3d Cir. 2020) ("[T]he FAA provides for confirmation proceedings to be summary proceedings. . . .").

39. As previously noted, IDR awards issued under the NSA are final and binding upon the parties and, hence, subject to enforcement by the Court under Section 9 of the FAA.

40. SpecialtyCare is entitled to an order confirming the IDR awards.[3]

[3] As noted above, the IDR awards and the amounts due and owing pursuant to said awards are not in dispute. Aetna has copies of all IDR awards for which SpecialtyCare seeks confirmation. Furthermore, Exhibit A contains coding information and dates of decisions for Aetna to confirm the amounts of the awards listed therein. As such, SpecialtyCare has not attached each IDR award for which it seeks confirmation to this Complaint.

41. Accordingly, SpecialtyCare brings this action for an Order confirming each of the unpaid IDR awards set forth in Exhibit A.

42. The amounts owed on unpaid IDR awards total $1,437,377 plus pre-judgment and post-judgment interest.

## COUNT III - ACCOUNT STATED

43. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

44. There is presently due and owing to SpecialtyCare from Aetna the sum of $1,437,377 on an account stated between the parties, which amount represents the total owed on unpaid IDR awards owed by Aetna.

45. SpecialtyCare has made frequent demands to Aetna for the above-described amounts due and owing and provided a statement of Aetna's balance owed on the Debt to Aetna, a copy of which is attached as Exhibit A.

46. Aetna did not object to the validity of the IDR entity determinations underlying the Debt.

47. SpecialtyCare has been directly and proximately damaged by Aetna's failure to remit payment in full on the account stated between the parties and is entitled to recover money damages plus pre-judgment and post-judgment interest, in an amount to be determined at trial, but in no event less than $1,437,377.

## COUNT IV - QUANTUM MERUIT (ALL IDR AWARDS)

48. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

49. SpecialtyCare rendered OON services and items to Aetna's members and insureds.

50. Aetna was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

51. Therefore, Aetna received a significant economic benefit from SpecialtyCare's services.

52. Aetna has knowledge of the benefits conferred upon it.

53. Aetna has voluntarily accepted and retained the benefits conferred upon it.

54. Aetna's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Aetna received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

55. Thus, Aetna has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Aetna's initial payments were low and not commensurate to the reasonable value of the benefits conferred on it by SpecialtyCare.

56. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR awards were issued, and Aetna was obligated to make payment within thirty ("30") days of the IDR awards being issued.

57. Aetna has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

58. Aetna continues to improperly retain the amounts owed on the IDR awards at issue herein.

59. It would be inequitable for Aetna to retain the benefits of the services provided by SpecialtyCare without paying the full value of the benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

60. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $1,437,377.

**COUNT V – UNJUST ENRICHMENT (ALL IDR AWARDS)**

61. SpecialtyCare incorporates and realleges paragraphs 1 – 27 as though fully alleged and set forth herein.

62. SpecialtyCare rendered OON services and items to Aetna's members and insureds.

63. These services were provided at SpecialtyCare's expense and under circumstances that would make it unjust for Aetna to retain the benefit without commensurate compensation.

64. Aetna was obligated to provide coverage for the services and items provided by SpecialtyCare for its members and insureds.

65. Therefore, Aetna received significant economic benefits from SpecialtyCare's services.

66. Aetna has knowledge of the benefits conferred upon it.

67. Aetna has voluntarily accepted and retained the benefits conferred upon it.

68. Aetna's knowledge, acceptance, and retention of the benefits conferred upon it is evidenced by the fact that Aetna received invoices for the services provided by SpecialtyCare and then made initial payments for those services to SpecialtyCare.

69. Thus, Aetna has acknowledged that it owes SpecialtyCare for the benefits SpecialtyCare conferred. However, Aetna's initial payments were low and not commensurate to the value of the benefits conferred on it by SpecialtyCare.

70. The dispute over the value of the benefits received was resolved in accordance with the IDR procedures set forth in the NSA. Final and binding IDR

awards were issued, and Aetna was obligated to make payment within thirty ("30") days of the IDR awards being issued.

71. Aetna has failed and refused to pay the amounts owed on the IDR awards within thirty days as required by the NSA.

72. Aetna continues to improperly retain the amounts owed on the IDR awards at issue herein.

73. Aetna would be unjustly enriched if allowed to retain the benefit of the services provided by SpecialtyCare without paying the full value thereof benefits as set forth in the IDR awards, and SpecialtyCare has suffered damages as a result.

74. SpecialtyCare hereby seeks payment of the IDR awards in the amount of $1,437,377.

**PRAYER FOR RELIEF**

WHEREFORE, SpecialtyCare respectfully prays for the following relief:

A. An Order confirming each IDR award included in Exhibit A pursuant to 42 PA.C.S.A. § 7342;

B. An Order enforcing all the IDR Awards not paid within thirty days as required by federal law in an amount not less than $1,437,377 and a judgment for the total amount outstanding plus pre- and post-judgment interest under 28 U.S.C. § 1961;

C. Equitable relief requiring Aetna comply with the NSA by paying all future IDR awards within thirty ("30") days; and

D. Any and all additional legal or equitable relief to which SpecialtyCare may be entitled.

**JURY TRIAL DEMAND**

SpecialtyCare demands a trial by jury for all issues so triable as a matter of right.

Dated: April 15, 2025

Respectfully submitted,

*/s/ Michael E. Neminski*
Michael E. Neminski (PA No. 333172)
**BAKER & HOSTETLER LLP**
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
mneminski@bakerlaw.com

Jim Etscorn (*pro hac vice* forthcoming)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
jetscorn@bakerlaw.com
*Attorneys for Plaintiffs*